BRODY R. WIGHT, ESQ.
Nevada Bar No. 13615
TROUTMAN PEPPER HAMILTON SANDERS LLP
8985 S. Eastern Ave., Ste 200
Las Vegas, NV 89123 *(Nevada Office)*
Tele: (470) 832-5586
Fax: (404) 962-6800
brody.wight@troutman.com

TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree St. NE # 3000
Atlanta, GA 30308 *(Corporate Office)*
*Attorney for Defendant Nationstar Mortgage LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GF INVESTMENTS LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER; RIVESOURCE LIFE INSURANCE COMPANY; JOSEPH A. ALBANO; DEBRA M. ALBANO; and DOES 1 through 10, inclusive; ROE CORPORATIONS 1 through 10,<br><br>        Defendants. | **Case No.:** 2:23-cv-00145<br><br>**NATIONSTAR MORTGAGE LLC'S NOTICE OF REMOVAL TO FEDERAL COURT BASED ON DIVERSITY JURISDICTION** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendant Nationstar Mortgage LLC, dba Mr. Cooper (**Nationstar**) removes this action from the Nevada Eighth District Court to the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and states as follows:

1. The Complaint in the above-entitled action was filed on December 7, 2022, in the Eighth Judicial District Court for the State of Nevada in and for the County of Clark under the designated Case NoA-22-862245-C. Nationstar, Riversource Life Insurance Company (**Riversource**), and Joseph and Debra Albano (the **Albanos**) are the only named as defendants in the Complaint. (See a copy of the Complaint attached hereto as Exhibit A.)

2. Nationstar is not aware of possessing a copy of the Complaint at any time prior to January 6, 2023, when it was served the Complaint.

3. This Petition for Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Thirty days have not elapsed since Defendants first became aware of Plaintiff GF Investments LLC's (**GFI**) claims against Defendants as set forth in the Complaint.

4. Although Nationstar is not the only named Defendant in the action, Riversource has also been served, but has not yet made an appearance. Additionally, it does believe that the Albanos have been served with the Complaint in this action as they have not appeared and no affidavit of service has been filed. More importantly, Riversource and the Albanos are both fraudulently joined defendants. 28 U.S.C. § 1446(b) does not require its consent to removal. *See*, *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988). GFI asserts a claim for quiet title against Riversource and the Albanos, but it makes no allegations that these Defendants claim an interest in the subject property. As such, GFI cannot prevail on its claim against these Defendants, and they qualiry as a fraudulent party. *See*, *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548–49 (9th Cir. 2018); *United Comput. Sys. Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002); *Chamani v. BAC Home Loans Servicing, LP*, 2:12-CV-1197-LRH-PAL, 2012 WL 5989659, at *2 (D. Nev. Nov. 28, 2012).

5. 28 U.S.C. § 1441(a) provides the basis for Nationstar to remove this action as it allows for the removal of an action when the federal court would have diversity jurisdiction pursuant to 28 U.S.C. § 1332 (diversity). Here, there is complete diversity of citizenship between GFI and Nationstar, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

6. The amount in controversy exceeds $75,000.00, because GFI is seeking a declaration that its interest in the real property at issue is not subject to Nationstar's deed of trust, which secures a debt due and owing to Nationstar for amounts that are currently well in excess of $75,000.[1]

---

[1] Defendants are prepared to provide an affidavit in support of the loan balance at the time of the removal in the event the amount in controversy is challenged. *See, e.g.*, *Reynolds v. Nat'l Default Servicing Corp.*, No. 3:16-cv-00047-MMD-VPC, 2016 U.S. Dist. LEXIS 131432, at *7 (D. Nev. Sept. 23, 2016) (This Court may consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," in addition to facts presented in the removal petition, in order to determine whether the amount in controversy meets the jurisdictional limit).

142488099                                                  PAGE 2

7. There is complete diversity because, upon information and belief, GFI is not a citizen of the same state as Nationstar. Specifically:

    a. Nationstar is a Delaware limited liability company. As a limited liability company, Nationstar "is a citizen of every state of which its owners/members are citizens[.]" *Johnson v. Colombia Props. Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006). Nationstar's members are Nationstar Sub 1 LLC (Sub 1) and Nationstar Sub 2 LLC (Sub 2). Both Sub 1 and Sub 2 are wholly-owned by Nationstar Mortgage Holdings, Inc. (Nationstar Holdings), a corporation. A corporation is a citizen of the state in which it is incorporated and in which it has its principal place of business. See 28 U.S.C. § 1332(c). Nationstar Holdings is a Delaware corporation with a principal place of business in Texas. Therefore, Nationstar is a citizen of Delaware and Texas for purposes of diversity jurisdiction;

    b. On information and belief, and based on the allegations contained in TWT's complaint, GFI is a Nevada limited liability company. Nationstar is informed and believes that none of GFI's members are citizens of the same states as Nationstar's members.

Because Riversource and the Albanos are fraudulent parties, their citizenship is irrelevant because the Court need not consider the diversity of nominal and fraudulent parties. *See*, *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

8. For the Court's convenience, Nationstar has attached to this petition all documents filed in the state court action.

9. The action being removed concerns a dispute between the owner of real property in Nevada, GFI, and the beneficiary of a deed of trust on the property, Nationstar. GFI brought several claims seeking to prevent Nationstar from foreclosing on the subject property.

10. A copy of this Petition for Removal is being filed forthwith with the Clerk of the Nevada Eighth District Court and shall be served upon GFI.

11. This Petition for Removal is submitted to the United States District Court for the District of Nevada subject to the Federal Rules of Civil Procedure and is signed pursuant to Fed. R. Civ. P. 11.

12. By filing this Petition, Nationstar does not waive, and specifically reserves, all defenses, exceptions, rights, and motions. No statement herein or omission here from shall be deemed to constitute an admission by Nationstar of any of the allegations of or damages sought in the Complaint (Exhibit A).

1   WHEREFORE, based on the foregoing, Nationstar hereby removes the above action, now pending in the Eighth Judicial District Court for the State of Nevada, as Case No. A-22-862245-C to this Court.

DATED: January 26, 2023

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Brody R. Wight*
    Brody R. Wight
    Nevada Bar No. 13615
    8985 S. Eastern Ave., Ste. 200
    Las Vegas, NV 89123 *(Nevada Office)*
    600 Peachtree St. NE # 3000
    Atlanta, GA 30308 *(Corporate Office)*
    Tele: (470) 832-5586
    Fax: (404) 962-6800
    brody.wight@troutman.com
    *Attorneys for Defendant*
    *Nationstar Mortgage LLC*